IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROL MILES, RYAN MOTT, JOHN WOLFE, and LIZZY WOLFE, BARBARA HENWOOD, ANDY SWIERCZYNSKI, BRANDON FRANKLIN, ANNE SHAPIRO, MARY MANSFIELD, TAMI OSTENDORF, and JULIE MACKERT, individually and on behalf of the class members described below,<br><br>            Plaintiffs<br>   v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>            Defendant. | Case No. 17 C 4423<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Carol Miles, Ryan Mott, John Wolfe and Lizzy Wolfe, Barbara Henwood, Andy Swierczynski, Brandon Franklin, Anne Shapiro, Mary Mansfield, Tami Ostendorf, and Julie Mackert, have brought a sixteen count second amended putative class action complaint against defendant American Honda Motor Co., Inc. based on plaintiffs' purchases of allegedly defective 2015, 2016 and 2017 Honda CR-V vehicles (the "vehicles"). The second amended complaint alleges in Counts I through XVI respectively: (1) breach of the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq. This count is brought on behalf of a nationwide class defined as all persons in the United States who purchased a 2015, 2016 or 2017 Honda CR-V and reported gas fumes in the passenger cabin to a Honda automobile dealer, and seeks to apply California Commercial Code § 2313 to all plaintiffs' claims; (2) violation of California's Uniform Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., also brought on behalf of a nationwide class; (3) breach of contract under Illinois law brought on behalf of Illinois residents Mott, Miles,

the Wolfes, Henwood, Swierczynski, and Franklin, and an Illinois subclass defined as "all members of the nationwide class who are residents of Illinois or purchased their CR-V in Illinois; (4) violations of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 501/1 et seq., on behalf of the Illinois plaintiffs and the Illinois subclass; (5) unjust enrichment under Illinois law, again on behalf of the Illinois plaintiffs and Illinois subclass; (6) breach of contract under Indiana law on behalf of Indiana residents Shapiro and Mansfield and an Indiana subclass; (7) breach of implied warranty under Indiana Code § 26-1-2-314(1); (8) violation of Indiana's Deceptive Consumer Sales Act, I.C. 24-5-0.5 et seq.; (9) unjust enrichment under Indiana law; (10) breach of contract under Wisconsin law on behalf of plaintiff Ostendorf and a Wisconsin subclass; (11) violation of the Wisconsin Deceptive Trade Practices Act, WISC. STAT. § 100.18 et seq.; (12) unjust enrichment under Wisconsin law; (13)[1] breach of contract under Maryland law on behalf of plaintiff Mackert and a Maryland subclass; (14) breach of implied warranty under Maryland Commercial Law Code Ann. § 2-314(1)(a)(b); (15) violation of the Maryland Consumer Protection Act, Md. COMMERCIAL LAW CODE ANN. § 13-301 et seq.; and (16) unjust enrichment under Maryland law. Defendant has moved to dismiss ten of the sixteen counts and seeks to strike the proposed class definitions. For the reasons described below, defendant's motion to dismiss and to strike is granted in part and denied in part.

## BACKGROUND

Plaintiffs claim that they purchased model years 2015, 2016, 2017 Honda CR-V vehicles from Honda dealerships. Within months of their purchase, plaintiffs all experienced what

---

[1] The second amended complaint mistakenly has two count XIIs. For convenience the court has relabeled the counts starting with the second Count XII.

smelled like an "open pool of gasoline inside the passenger cabin." The smell persisted no matter the driving speed or duration and was overpowering if the windows were kept shut. The smell was intermittent, coming and going regardless of the outdoor temperature, speed, or duration. Plaintiffs allege that they cannot drive their vehicles when the smell exists.

According to the complaint, defendant markets its vehicles with nationwide advertising as safe and reliable and covered by warranty. Defendant provides purchasers and lessees of the vehicles with a "New Vehicle Limited Warranty" which provides that defendant will repair or replace, free of charge, any part that is defective in material or workmanship under normal use for three years or 36,000, whichever comes first.

Plaintiffs allege that at the time they purchased their vehicles defendant was aware of the problem, was unable to uncover the cause, and unable to fix the problem, yet actively concealed the "defect" from its customers even if specifically asked.

## **DISCUSSION**

Defendant has moved to dismiss various counts under Fed. R. Civ. P. 12(b)(6), for failing to state a claim, and under Fed. R. Civ. P. 9(b) for failing to plead fraud with particularity. A motion brought under Rule 12(b)(b) challenges the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). The court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). The complaint must allege sufficient facts that, if true, would raise a right to relief above the speculative level, showing that the claim is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To be plausible on its face, the complaint must plead facts sufficient for the court to

draw the reasonable inference that the defendant is liable for the alleged misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In addition to Rule 12's requirements, plaintiffs' claims sounding in fraud, including their claims brought under the various states' consumer fraud acts, must comply with the heightened pleading requirements of Rule 9(b). Camasta v. Jos. A. Bank Clothiers, Inc., 761 F.3d 732, 736-37 (7th Cir. 2014). Rule 9(b) requires the pleading to "state with particularity the circumstances constituting fraud. Id.; Fed. R. Civ. P. 9(b). This requirement is ordinarily met when the complaint describes "the who, what, when, where, and how of the fraud." Id. A complaint that provides a "general outline of the fraud scheme" sufficient to "reasonably notify the defendants of their purported role" in the fraud satisfies Rule 9(b). Midwest Grinding Co., Inc. v. Spitz, 976 F.2d 1016, 1020 (7th Cir. 1992).

**1.      Counts I and II – Nationwide Class**

In Count I plaintiffs, none of whom are California residents or purchased their vehicles there, on behalf of a purported nationwide class, seek to apply the California Commercial Code to their claims brought pursuant to the MMWA.[2] In Count II, plaintiffs allege, on behalf of a nationwide class, violation of California's Business and Professional Code § 17200, which prohibits acts of "unfair competition." Defendant argues that both claims should be dismissed because California law cannot be applied to claims of non-California plaintiffs. The court agrees.

Federal courts sitting in Illinois follow Illinois' choice-of-law rules in determining which state law governs a plaintiff's state law claim. DeValk Lincoln Mercury, Inc. v. Ford Motor Co.,

---

[2] The MMWA allows consumers to enforce written and implied warranties in federal court, borrowing state law causes of action. Schimmer v. Jaguar Cars, Inc., 384 F.3d 402, 405 (7th Cir. 2004).

4

811 F.2d 326, 329 (7th Cir. 1987). Illinois has adopted the most significant relationship test for deciding among conflicting laws. Ingersol v. Klein, 262 N.E.2d 593, 595 (Ill. 1970). Under this test, the law of the place of the injury controls unless Illinois has a more significant relationship with the occurrence and with the parties. Id. When applying the most significant relationship test, the court considers four factors: (1) where the injury occurred; (2) where the injury causing conduct occurred; (3) the domiciles of the parties; and (4) where the relationship of the parties is entered. Id. at 596.

None of the factors listed above favors application of California law to the non-California plaintiffs. First, with respect to Count I, "under Illinois choice-of-law rules, the place of purchase and injury governs breach of warranty claims." In re Rust-Oleum Restore Marketing, Sales Practices and Products Litigation, 155 F.Supp.3d 772, 786 (N.D. Ill. 2016). None of the plaintiffs are domiciled in California, none purchased their vehicles in California, none entered a relationship with defendant in California, and none were injured in California. The injury occurs where the plaintiffs purchased their vehicles and were given their warranties without any warning of the alleged defect. Thus, under Illinois choice-of-law rules, the law of the state where each plaintiff purchased their vehicles (which is also their home state) is the law that applies to their state law claims.

Plaintiffs' only argument that California law should apply relies on the Illinois Appellate Court's opinion in Barbara's Sales, Inc. v. Intel Corp., 367 Ill.App.3d 1013 (5th Dist. 2008), which applied California law to a proposed nationwide class of purchasers of computers containing an allegedly defective computer processor. That decision was reversed, however, by the Illinois Supreme Court, specifically holding that the action could not proceed as a class action and that

5

Illinois law applied to the Illinois plaintiffs' claims. Barbara's Sales, Inc. v. Intel Corp., 227 Ill.2d 45 (2007).[3]

Consequently, the court concludes that plaintiffs cannot assert claims under California law for non-California plaintiffs. Counts I and II are dismissed .

**2.     Consumer Fraud Claims – Counts IV (Illinois), VIII (Indiana), XI (Wisconsin), XV (Maryland)**

Next, defendant argues that plaintiffs have failed to meet Rule 9(b)'s pleading requirements with respect to their consumer fraud claims brought under Illinois, Indiana, Wisconsin and Maryland law. Defendant argues that plaintiffs have failed to provide the names of who participated in the alleged fraud, in what capacity they were involved, and what misrepresentations they made. The court disagrees.

As noted above, all that is required is a "general outline of the fraud scheme" sufficient to "reasonably notify the defendants of their purported role" in the fraud. In re Rust-Oleum, 155 F.Supp.3d at 812 (citing Midwest Grinding Co. 976 F.2d at 1020). Additionally, "the particularity requirements of Rule 9(b) must be relaxed when the plaintiff lacks access to all facts necessary to detail his claim." Id.; Jepson, Inc. v. Makita Corp., 34 F.3d 1321, 1328 (7th Cir. 1994).

The second amended complaint satisfies these elements. It provides the "who" -- American Honda Motor Co. It provides the "what" – defendant's written warranty language and its advertising about the vehicle, defendant's knowledge of the alleged defect and its refusal to disclose to consumers the alleged defect. The second amended complaint also provides the

---

[3] The court assumes that plaintiffs' reliance on the reversed opinion was a mistake rather than a deliberate attempt to mislead the court. Counsel is cautioned to be more careful in the future.

"where" – the location of each plaintiff when he or she purchased or leased the vehicle and was given the warranty. Plaintiffs also allege the "when," by adding that from at least July 2015 defendant knew of the defect, its inability to correct it, and yet failed to disclose it. Finally, the second amended complaint alleges the "how" by alleging that plaintiffs relied on defendant's misrepresentations in advertising when they purchased their vehicles. Consequently, the court concludes that the second amended complaint complies with Rule 9(b). See In re Rust-Oleum, 155 F.Supp.3d at 813.

Defendant also argues that plaintiffs' claim under the Illinois Consumer Fraud Act fail because "the action is, at bottom, a contract case." Relying on Lambert v. Dollar General Corp., 2017 WL 2619142(N.D. Ill. June 16, 2017), defendant argues that plaintiffs' Illinois Consumer Fraud Act claim is "merely its breach of express warranty claim clothed in different garb." Id. at *6. In Lambert, the court dismissed an ICFA claim because "other than plaintiffs' addition of boilerplate language concerning Dollar General's 'malice, motive, and a reckless disregard of the truth' there is no allegation of misrepresentation that plaintiffs allege in Count III that they do not also identify as an express warranty in Count I." Id.

Unlike Lambert, in the instant case plaintiffs allege more than a breach of an express warranty. They allege that defendant was aware of a specific defect that not only rendered the vehicle not drivable, but also created a significant health concern to its users. The complaint also alleges that defendant continued to advertise that the vehicle was safe, despite knowing it was not. These claims go beyond the simple breach of express warranty and are sufficient to state a claim under the Illinois Consumer Fraud Act.

Next, defendant argues that plaintiff Shapiro's claim under the Indiana Consumer Sales Act ("ICSA") is barred by that act's two year statute of limitations. Shapiro allegedly purchased her vehicle on March 30, 2015. This action was filed over two years later on May 2, 2017.

Plaintiff does not respond to this argument except to correctly note that the statute of limitations is an affirmative defense that ordinarily must be pleaded and proved by the defendant. Jay E. Hayden Foundation v. First Neighbor Bank, N.A., 610 F.3d 382, 283 (7th Cir. 2010). "Complaints need not anticipate defenses and attempt to defeat them." Richards v. Mitcheff, 696 F.3d 635, 637 (7th Cir. 2012). Nonetheless, "If it is plain from the complaint that the [statute of limitations] defense is indeed a bar to the suit dismissal is proper without further pleading." Jay E. Hayden, 610 F.3d at 383.

In the instant case, the facts alleged give defendant an "ironclad" defense to Shapiro's claims "because the [ICSA] has an occurrence statute of limitations rather than a discovery statute of limitations." See A.J.'s Auto. Sales, Inc. v. Freet, 725 N.E.2d 955, 964-65 (Ind. Ct. App. 2000). Thus, the statute of limitations began to run no later than when Shapiro purchased the vehicle, over two years before the instant suit was commenced. Consequently, plaintiff Shapiro's ICSA claim is dismissed.

Defendant also argues that defendant Mansfield's claim under the ICSA fails because the second amended complaint fails to allege that she provided proper notice to defendant as required under the act. Ind. Code § 24-5-0.5-5. The act requires the consumers to give the seller written notice and an opportunity to cure the alleged deceptive practices either through modification or rescission of the transaction. Lautzenhieser v. Coloplast A/S, 2012 WL 4530804, *8 (S.D. Ind. Sept. 29, 2012).

The second amended complaint contains no allegation that either Shapiro or Mansfield provided written notice to defendant. Plaintiffs respond by arguing that defendant had knowledge of plaintiffs' claims within the time allowed by statute, but does not allege that either plaintiff provided that notice, or gave defendant an opportunity to cure. Absent such an allegation, Counts VII and VIII are dismissed without prejudice.

**3.     Unjust Enrichment Claims – Counts V (Illinois), IX (Indiana), XII (Wisconsin), XVI (Maryland)**

Defendant next argues that plaintiffs' claims for unjust enrichment fail because none of the states recognize a claim for unjust enrichment if an express contract governs the transaction. See Lindquist Ford Inc. v. Middleton Motors, Inc., 557 F.3d 469, 476 (7th Cir. 2009) (Wisconsin); Sprint Nextell Corp. v. Simple Cell Inc., 2017 WL 1207534, *15 (D. Md. March 31, 2017) (Maryland); Sweet v. Indianapolis Jet Ctr., Inc., 918 F.Supp.2d 801, 807 n.4 (S.D. Ind. 2013) (Indiana); and In re Aqua Dots Prods. Lib. Litig., 270 F.R.D. 377, 386 (N.D. Ill. 2010) (Illinois).

In the instant case, plaintiffs allege that all of their purchases or leases were governed by a specific contract that contained an express warranty. Defendant has not challenged the existence of the contract or the warranties. Thus, defendant is correct that plaintiffs cannot base their unjust enrichment claims on the same conduct that form the basis of their breach of warranty claims. See e.g., Reed v. Unilever U.S., Inc., 964 F.Supp.2d 893, 923 (N.D. Ill. 2013). As plaintiffs point out, however, to the extent that their unjust enrichment claims are based on the same conduct underlying their consumer fraud claims, such as the alleged failure to disclose and warn, unjust enrichment claims remain viable. Id. at 924. Consequently, defendant's motion to dismiss Counts V, IX, XII and XVI, is denied.

### 4. Class Allegations

Finally, defendant has moved to strike plaintiffs' class definitions. Plaintiffs' only response to this motion is to argue that it is premature, and that defendant's objections to the proposed classes are more properly raised in a response to a Rule 23 motion for class certification.

In fact, "courts may strike class allegations at the pleading stage when they are facially and inherently deficient," particularly when the dispute is not factual and discovery is unnecessary to resolve it. Cholly v. Uptain Group, Inc., 2015 WL 9315557, *3 (N.D. Ill. Dec. 22, 2015). Rule 23(c)(1)(A) requires the court to determine whether to certify an action as a class action "[a]t an early practicable time." Rule 23(d)(1)(D) provides: "in conducting an action under this Rule, the court may issue orders that: . . . require the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly . . . ." District courts, both within this district and others, have held that a motion to strike class allegations, made pursuant to these provisions, is an appropriate device to determine whether the case will proceed as a class action. Wright v. Family Dollar, Inc., 2010 WL 4962838 (N.D. Ill. Nov . 30, 2010).

This court has already determined that the law of the state where each plaintiff purchased his or her vehicle shall be applied to plaintiff's claims. Applying the warranty, unjust enrichment, and misrepresentation laws of 50 different states, or even the 4 states that the name plaintiffs represent, is unmanageable on a class-wide basis because those state laws may conflict in material ways. Because these claims must be adjudicated under the laws of so many jurisdictions, a single nationwide class is not manageable. See In re Bridgestone/Firestone Inc., 288 F.3d 1012, 1018 (7th Cir. 2012). Consequently, the court strikes the proposed nationwide class.

Defendant also challenges the definition of the state classes as over-inclusive because they include as plaintiffs anyone who either resided in the state or purchased their vehicle in the state. Because the injury occurs where the contract was entered and the warranties were given, the court agrees and concludes that the state classes' definitions should be limited to persons who purchased their vehicles within the state.

## **CONCLUSION**

For the reasons stated above, defendant's motion to dismiss is granted in part. Counts I, II, VII, and VIII are dismissed. The motion to dismiss is denied in all other respects. The motion to strike is granted in part. The nationwide class is stricken. The proposed state classes are redefined as stated above. Plaintiffs are directed to file a third amended complaint conforming to this opinion on or before November 13, 2017. Defendant is ordered to answer the third amended complaint on or before December 5, 2017. The parties are directed to file a Joint Status Report using this court's form on or before December 8, 2017. The status hearing is reset to December 20, 2017, at 9:00 a.m.

**ENTER:**     **October 19, 2017**

**R****obert W. Gettleman**
**United States District Judge**

11